GEORGE A. HUNT (1586)
**WILLIAMS & HUNT**
Attorneys for Defendant Investor Quality Title, LLC
257 East 200 South, Suite 500
Post Office Box 45678
Salt Lake City, Utah  84145-5678
Phone (801) 521-5678
Facsimile (801) 364-4500
ghunt@wilhunt.com

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR AMTRUST BANK,<br><br>Plaintiff,<br><br>v.<br><br>INVESTOR QUALITY TITLE, LLC, a Utah limited liability company,<br><br>Defendant. | MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO AMEND ANSWER TO AMENDED COMPLAINT<br><br>Case No. 2:10-cv-01056<br><br>Honorable Clark Waddoups<br><br>Magistrate Judge Brooke C. Wells |

Defendant Investor Quality Title submits the following Memorandum in support of its Motion to Amend its Answer in this matter.

## INTRODUCTION

The Case Management Order in place in this matter sets a cut-off date of September 5, 2011, for adding additional parties and amending pleadings.  On August 30, 2011, Plaintiff's counsel sent an email to defense counsel seeking to extend that date to the end of September.  Defense counsel responded agreeing to the extension and noting that the Defendant would like to amend its Answer as well.  On September 13, 2011 copies of the proposed Amended Answer and a Stipulation were sent to Plaintiff's counsel seeking their written consent.  On Thursday, September 22, 2011, defense counsel received a letter from Gary Doctorman refusing to stipulate to the amendment.  Accordingly, this Motion is being filed for the Court's consideration.  Copies of the emails and correspondence evidencing the foregoing exchange are attached hereto.

## ARGUMENT

### THE COURT SHOULD GRANT THE REQUESTED LEAVE TO AMEND THE ANSWER OF DEFENDANT INVESTOR QUALITY TITLE.

Rule 15(a)(2) provides that, "a party may amend its pleadings only with the opposing party's written consent or the court's leave."  The Rule goes on to state that, "the court should freely give leave when justice so requires."  The United States Supreme Court in <u>Forman v. Davis</u>, 371 U.S. 178 (1962) stated:

> "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. – the leave sought should, as the rules require, be 'freely given'".

In the instant action delay is not a problem. Fact discovery is still open and Plaintiff has been provided with an opportunity to consent and has seen the proposed amendments. This is the first time Defendant has sought to amend its pleading and it is doing so because fact discovery thus far has disclosed circumstances, documentation and other evidence indicating that these defenses may be available to the Defendant to oppose the claims of Plaintiff. Defendant has also prepared additional discovery requests seeking to probe these matters further.

Defendant is aware of no particular prejudice that will result if the Court grants the requested leave. Again, fact discovery and expert designation and discovery are still open and the parties have exchanged documents and there is no element of surprise.

The only basis given by Plaintiff for opposing the amendment is that one of the defenses relating to the closing protection letter is alleged by the Plaintiff to be futile. Plaintiff suggests that because the closing protection letter is between Plaintiff and Attorneys Title Guaranty Fund, that it does not provide any defense for Defendant Investor Quality Title. Defendant respectfully disagrees and believes that with expert testimony and other evidence it can establish that the closing protection letter is designed

to define the limit of liability between the parties to the transaction <u>and</u> the title company. In addition, the defense complements the mitigation of damages defense which Defendant seeks to add, in that resort to the rights under the letter could well have mitigated if not eliminated any damage claim in this case. For these reasons, Defendant does not believe that the amendment is futile and believes that it has every right to explore these defenses in this action and present evidence thereon at the trial of this case. Opposing counsel presented no reason why it opposed the mitigation defense.

Defendant suggests that leave should be freely given for this amendment as contemplated by Rule 15 because it is timely, it does not prejudice the Plaintiff, it is the first amendment sought by Defendant and facts exist in the case to suggest that the defenses being added are meritorious.

Defendant respectfully requests that leave be granted to file the Amended Answer.

DATED this __26th__ day of September, 2011.

                **WILLIAMS & HUNT**

        By   <u>/s/ George A. Hunt</u>
                GEORGE A. HUNT
                Attorneys for Defendant Investor
                  Quality Title, LLC

225096.1

# AFFIDAVIT OF SERVICE

       Mary C. Wardell, being duly sworn, says that she is employed in the law offices of Williams & Hunt, attorneys for Defendant, Investor Quality Title, LLC, herein; that she served the attached **MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO AMEND ANSWER TO AMENDED COMPLAINT** in Case No. 2:10-cv-01056 before the United States District Court for the District of Utah, Central Division, upon the parties listed below via CM/ECF filing and by placing a true and correct copy thereof in an envelope addressed to:

**Counsel for Plaintiff**

Gary E. Doctorman
David K. Heinhold
**PARSONS BEHLE & LATIMER**
One Utah Center, Suite 1800
201 South Main Street
Salt Lake City, Utah 84111

and causing the same to be mailed first class, postage prepaid, on the __28th__ day of September, 2011.

                                  /s/ Mary C. Wardell

201371.1