GARY E. DOCTORMAN (0895)
DAVID K. HEINHOLD (11165)
PARSONS BEHLE & LATIMER
Attorneys for Plaintiff
One Utah Center
201 South Main Street, Suite 1800
Salt Lake City, UT 84111
Telephone: (801) 532-1234
Facsimile: (801) 536-6111
gdoctorman@parsonsbehle.com
dheinhold@parsonsbehle.com

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR AMTRUST BANK,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>INVESTOR QUALITY TITLE, LLC, a Utah limited liability company,<br><br>　　　　Defendant. | **PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO AMEND ANSWER TO AMENDED COMPLAINT**<br><br>Case No. 2:10-cv-01056<br><br>Judge Clark Waddoups |

Plaintiff, Federal Deposit Insurance Corporation ("FDIC" or "Plaintiff") as Receiver for

Amtrust Bank ("AmTrust"), through counsel, hereby submits this Memorandum in Opposition to

Defendant's Motion for Leave to Amend Answer to Amended Complaint.

## INTRODUCTION

FDIC, as the receiver of AmTrust, is suing defendant, Investor Quality Title, LLC ("Investor Quality"), for its failure to follow loan closing instructions for two loans totaling $1,825,000 (the "Loans"). Defendant, Investor Quality, agreed in writing to follow AmTrust's closing instructions and collect and disburse money in accordance with the closing instructions. Non-party, Attorneys' Title Guaranty, Inc. ("Attorneys' Title"), was Investor Quality's underwriter for purpose of issuing a title insurance policy. Attorneys' Title also prepared a Closing Protection Letter ("CPL").[1]

Investor Quality's proposed Eighth affirmative defense alleges that the Attorneys' Title's CPL purports to limit Investor Quality's liability to the express protections offered in the CPL. However, the CPL does not limit the liability of Investor Quality. Investor Quality is not a party to the CPL. The underwriting agreement between Investor Quality and Attorneys' Title provides that Investor Quality conducts an escrow and closing business for its own account and not as agent for Attorneys' Title. Attorneys' Title is not a party to this action.

Notwithstanding these facts, Investor Quality is seeking to amend its Answer to include, among other things, an Eighth Defense that FDIC can only recover by following the terms of the CPL, to which Investor Quality is not a party. The 10th Circuit has held that a Court should not grant leave to amend where the amendment is futile. The proposed amendment by Investor Quality is futile because Investor Quality cannot assert a limitation of liability defense based on

---

[1] A Closing Protection Letter is similar to an insurance policy or an indemnification agreement and can, under certain circumstances, protect a lender against the failure of a closing agent (in this case, Investor Quality) to follow the lender's closing instructions.

the CPL to which Investor Quality is not a party. FDIC requests that Investor Quality's Motion to Amend to Add the Eighth Defense be denied as futile.

Although the FDIC believes Investor Quality's proposed Seventh Defense for failure to mitigate damages lacks merit, FDIC does not object to the addition of the Seventh Defense because the defense is not futile on its face.

## RELEVANT FACTS

1. FDIC alleges that on or about May 22, 2008, Nathan M. Hainsworth ("Borrower") sought two loans from AmTrust to finance the purchase of a home from Shaun Sullivan ("Seller") (the "Transaction".) (First Amended Complaint, ¶ 5., Dkt 13.)

2. The first loan was in the amount of $1,625,000 ("First Loan"). (*Id.* at ¶ 6.)

3. The second loan was in the amount of $200,000 ("Second Loan") (First Loan and Second Loan together are referred to as the "Loans"). (*Id.* at ¶ 7.)

4. The real property which was the subject of the sale from Seller to Borrower is located at 1923 West Rising Sun Drive, St. George, Utah ("Property"). (*Id.* at ¶ 8.)

5. Under the Transaction, the Borrower agreed to purchase the Property from the Seller for a purchase price of $2,500,000. (*Id.* at ¶ 9.)

6. On or about May 23, 2008, Investor Quality executed AmTrust's Master Closing Instructions, Supplemental Closing Instructions and E-Document Closing Instructions (the "Closing Instructions") to govern Investor Quality's closing and escrow duties to AmTrust in

connection with the Loans.  (*Id.* at ¶¶ 11-16.) (True and correct copies of the Closing Instructions are attached hereto as **Exhibit A**.)

7.      The Closing Instructions signed by Investor Quality state that Investor Quality is liable to AmTrust if Investor Quality fails to follow the Closing Instructions or commits errors in completing the loan documents.  (Master Closing Instructions, p. 1 at ¶ 3.)

8.      FDIC brought this case because Investor Quality failed to follow the Closing Instructions and committed errors in completing the closing documents by:  (a) failing to disclose to AmTrust that part or all of the Borrower's required down payment was received from sources other than the Borrower; and (b) that Investor Quality made post-closing disbursements of loan proceeds to entities that were not identified to AmTrust and who did not have liens or other interests in the Property; and (c) other reasons alleged in the Complaint (*Id.* at ¶¶ 21-23.)

9.      Investor Quality's file shows that on or about May 5, 2008, Attorneys' Title prepared a CPL.  (A purported copy of the CPL was produced by Investor Quality to FDIC as Bates No. IQT 000357-359 and is attached hereto as **Exhibit B**.)

10.     Investor Quality seeks to amend its Answer to the FDIC's Amended Complaint to add the following affirmative defense:

### Eighth Defense

> The claims of Plaintiff respecting the closing are limited to reliance upon a Closing Protection Letter (EFC 96-98) from Attorneys Guaranty Title Fund (ATGF) which contractually defines the limits and conditions of the assurances given by the Defendant as agent and ATGF as principal in connection with the closing of the

> transaction, and prohibits other or further claims. Plaintiff has failed to comply with the conditions of that letter and consequently its claims fail.

(First Amended Complaint, p. 7.)

11. However, Attorneys' Title CPL only purports to limit the liability of Attorneys' Title, and not Investor Quality. The Closing Protection Letter states:

> **Any liability of the Company** for loss incurred by you in connection with the closing or real estate transactions by the agent shall be limited to the protection provided by this letter. . . .

(CPL at p.2, D.) (Emphasis Added).

12. The breaches of the Closing Instructions that are insured by the CPL are also limited and do not cover all possible breaches of the Closing Instructions by Investor Quality. The CPL protects against:

> A.  Failure of the agent of the Company to comply with your written closing instructions to the extent that they relate to:
>
> 1. The status of title of said interest in land or the validity, enforceability and priority of the lien of said mortgage on said interest in land, including the obtaining of such documents as are necessary to establish such status of title or lien.
>
> 2. The obtaining of any other document, specifically required determination of validity, enforceability or effectiveness of such other document.
>
> 3. The collection and payment of funds due you.
>
> B.  Fraud and dishonesty of the agents or subsidiaries of Attorneys Title Guaranty Fund, Inc. in handling your funds or documents in connection with such closing.

. . .

(CPL at 1, A. and B.)

13. Investor Quality never signed as a party to the CPL. (CPL at 3.)

14. In discovery, Investor Quality provided to FDIC a Title Insurance Underwriting Agreement dated January 25, 2007, between Investor Quality and Attorneys' Title ("Underwriting Agreement"). The Underwriting Agreement states:

> **10.** **Title Agent's Escrow Business.** Title Agent [Investor Quality] conducts an escrow and closing business for its own account, **and not as agent of Insurance Company [Attorneys' Title].** . . .

(*See* Underwriting Agreement at **Exhibit C** hereto at ¶ 10.)[2]

15. The Underwriting Agreement further states:

> **2.** **Authority.** Insurance Company [Attorney's Title] appoints Title Agent [Investor Quality] as its agent solely for purposes of issuing, on behalf of Insurance Company, commitments, guarantees, and policies of title insurance in accordance with the terms of this Agreement. . . . Title Agent shall not, on behalf of Insurance Company, . . . perform any escrow function, receive or disburse any funds, or execute any documents other than the issuance of title commitments, guarantees, and policies.

(*Id.*, ¶ 2.)

---

[2] Investor Quality has informed FDIC that it is unable to locate page 5 of the Underwriting Agreement.

**ARGUMENT**

I.  **INVESTOR QUALITY SHOULD NOT BE PERMITTED TO AMEND ITS ANSWER TO ADD A FUTILE DEFENSE.**

Investor Quality should not be permitted to amend its Answer to include the proposed Eighth Defense alleging that Investor Quality is entitled to the protections of Attorneys' Title CPL. Rule 15 of the Federal Rules of Civil Procedure states that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The 10th Circuit has noted that although a court should freely grant leave to amend, the Court should not grant leave to amend if the Motion is, among other things, futile. *Cohen v. Longshore,* 621 F3.d 1311 (10th Cir. 2010); *Bylin v. Billings,* 568 F.3d 1224 (10th Cir. 2009).

A.  **The Plain Language of the CPL Bars Investor Quality's Proposed Eighth Defense.**

It would be futile for Investor Quality to amend its Answer to include a defense that Investor Quality is entitled to the protections of Attorneys' Title CPL. In its proposed Eighth Defense, Investor Quality appears to allege that it is entitled to the protections of the limitation of liability found on page 2 Section D of Attorneys' Title CPL. Section D states:

> Any liability of the Company [Attorneys' Title] for loss incurred by you in connection with the closing or real estate transactions by the agent [Investor Quality] shall be limited to the protection provided by this letter. . . .

*See* CPL, p. 2, D.

This provision plainly states that only the Company's liability (i.e. Attorneys' Title) is limited to the protections of the CPL.  The CPL does not say anything about limiting the liability of Investor Quality.  Consequently, the CPL does not limit Investor Quality's liability.  Investor Quality did not sign nor is it a party to the CPL.  Therefore, it is futile for Investor Quality to amend its Answer to assert that FDIC's sole recourse against Investor Quality is contained in Attorneys' Title CPL.  Investor Quality's Motion to Amend should be denied as futile.

> **B.** **The Underwriting Agreement Bars the Proposed Eighth Defense.**

Investor Quality appears to claim that it is entitled to the protections afforded to Attorneys' Title in the CPL based on principles of agency law.  The proposed Eighth Defense refers to Attorneys' Title as the "principal" and Investor Quality as the "agent."  Investor Quality appears to be alleging that it is entitled to the protections of the CPL as the agent of Attorneys' Title.  However, the Underwriting Agreement forecloses this argument.  The Underwriting Agreement states:

> **10.** **Title Agent's Escrow Business.**  Title Agent [Investor Quality] conducts an escrow and closing business for its own account, **and not as agent of Insurance Company [Attorneys' Title].** . . . .

Underwriting Agreement at ¶ 10 (emphasis added).

The Underwriting Agreement further states:

> **2.** **Authority.**  Insurance Company appoints Title Agent as its agent solely for purposes of issuing, on behalf of Insurance Company, commitments, guarantees, and policies of title insurance in accordance with the terms of this Agreement. . . . **Title Agent**

- 2 -

> **shall not, on behalf of Insurance Company, . . . perform any escrow function, receive or disburse any funds**, or execute any documents other than the issuance of title commitments, guarantees, and policies.

*Id.* at ¶ 2 (emphasis added).  Investor Quality also affirmed that it was not a partner of Attorneys' Title in Section 16 of the Underwriting Agreement.

FDIC's Complaint seeks damages from Investor Quality for violation of its written Closing Instructions accepted by Investor Quality.  See Ex. A.  Investor Quality is prohibited by its Underwriting Agreement to claim that it was the agent of Attorneys' Title for purposes of closing escrow.[3]  Therefore, the Eighth Defense lacks merit and would be futile.  The Motion to Amend to Add the Eighth Defense should be denied.

      C.      **The CPL Provides The Lender With An Additional Source Of Recovery**

Attorneys' Title issued the CPL to provide AmTrust indemnification for certain limited acts of Investor Quality in the closing of the transaction.  This indemnification is to provide an *additional* recovery source for the lender, not to provide an exclusive source of recovery for that lender.  The CPL is limited, on its face, to breaches of the Closing Instructions that (i) would affect the validity of title, (ii) the enforceability or validity of a document, (iii) the collection and payment of funds due the lender, and (iv) fraud or dishonesty by Investor Quality.  (CPL at A. and B., p. 1).  This limitation in no way restricts or impacts Investor Quality's liability for its

---

[3] Investor Quality is defined as the "Title Agent" and referred to as "agent" in the Closing Protection Letter.  The Closing Protection Letter, coupled with the language of the Underwriting Agreement, make clear that this use of the word "agent" is due to the fact that Investor Quality was Attorneys' Title's agent for issuing title insurance in the Transaction.

own acts which breach its obligations directly to AmTrust in the Closing Instructions. The Defendant can point to no language in the CPL or the Closing Instructions nor to any law which states that its liability is limited by a separate indemnification agreed to by AmTrust and Attorneys' Title. The FDIC is alleging, among other things, that Investor Quality failed to disclose to AmTrust that (a) part or all of the Borrower's required down payment was received from sources other than the Borrower; and (b) that Investor Quality made post-closing disbursements of loan proceeds to entities that were not identified to AmTrust and who did not have liens or other interests in the Property. Therefore, the claim currently alleged by FDIC against Investor Quality is unrelated to the assurances provided by Attorneys' Title to AmTrust in the CPL. Consequently, Investor Quality cannot rely upon the CPL to be the sole recourse for FDIC where the CPL does not even ensure against the breaches that FDIC claims against Investor Quality in this matter. Investor Quality's Motion to Amend should be denied.

### D. Investor Quality Has Independent Contractual and Tort Duties to FDIC that Bar Its Proposed Eighth Defense.

Investor Quality's liability to FDIC is independent of the CPL, which makes the proposed Eighth Defense futile. FDIC alleges four causes of action against Investor Quality: Breach of Contract; Professional Negligence; Negligent Misrepresentation; and Breach of Fiduciary Duty. Both AmTrust and Investor Quality signed the Closing Instructions wherein Investor Quality agreed to close the Transaction consistent with those Closing Instructions. The Closing Instructions are a contract between Investor Quality and AmTrust and do not limit AmTrust's

claims.  To the contrary, the Closing Instructions specifically state the Investor Quality is liable to AmTrust for failing to follow the Closing Instructions or correctly complete the loan documents.  Furthermore, the CPL is not signed by Investor Quality.  The FDIC's claim for breach of the Closing Instructions against Investor Quality is independent of Attorneys' Title's limitation of liability in the CPL.  Therefore, it is futile for Investor Quality to include its proposed Eighth Defense attempting to limit Investor Quality's liability under the Closing Instructions, a contract to which Investor Quality is party, based on a CPL to which Investor Quality is not a party.

The tort claims against Investor Quality are also independent of any limitation of liability of Attorneys' Title in the CPL.  It is well settled law that "[T]he acts constituting a breach of contract may also result in breaches of duty that are independent of the contract and may give rise to causes of action in tort."  *Culp Construction Co. v. Buildmart Mall, et al.*, 795 P.2d 650, 654 (1990).  *New West Federal Savings and Loan Assoc. v. Guardian Title Company of Utah*, 818 P.2d 585, 588-589 (1991).  Investor Quality's obligation to close the Loans in accordance with the Closing Instructions was an independent duty in tort.  *Cooper Ent., PC v. Brighton Title Company, LLC*, 233 P.3d 548, 551 (2010) ("An escrow agent has a fiduciary duty to both parties to a transaction").

Even if the CPL purported to limit the liability of Attorneys' Title, FDIC's three tort claims continue to survive because Investor Quality's duties in tort are independent of the CPL.

Consequently, the proposed Motion to Amend to include the Eighth Defense is futile and should be denied.

## CONCLUSION

Investor Quality's Motion to Amend to add the eighth defense should be denied. It would be futile for Investor Quality to be permitted to amend its Answer to include the defense that Investor Quality's liability is limited by Attorneys' Title CPL. The CPL does not limit Investor Quality's liability. The plain language of the Underwriting Agreement also bars Investor Quality from claiming that it is Attorneys' Title agent for escrow and closing and is entitled to the protections of Attorneys' Title CPL.

Investor Quality's proposed Eighth Defense is also futile because its duties under the Closing Instructions are fiduciary and are independent of any limitation of liability found in Attorneys' Title CPL to which Investor Quality is not a party. Investor Quality's Motion to Amend to Add the Eighth Defense is futile and should be denied.

DATED this 21st day of October, 2011.

/s/ David K. Heinhold
GARY E. DOCTORMAN
DAVID K. HEINHOLD
PARSONS BEHLE & LATIMER
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of October, 2011, I electronically filed the foregoing **PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO AMEND ANSWER TO AMENDED COMPLAINT** with the Clerk of Court using the CM/ECF system, which sent notification of such filing to counsel of record, as follows:

George A. Hunt, ghunt@wilhunt.com, mwardell@wilhunt.com

/s/ David K. Heinhold