GEORGE A. HUNT (1586)
**WILLIAMS & HUNT**
Attorneys for Defendant Investor Quality Title, LLC
257 East 200 South, Suite 500
Post Office Box 45678
Salt Lake City, Utah  84145-5678
Phone (801) 521-5678
Facsimile (801) 364-4500
ghunt@wilhunt.com

---

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

---

| | | |
|---|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR AMTRUST BANK, | : : : | **REPLY MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO AMEND ANSWER TO AMENDED COMPLAINT** |
| Plaintiff, | : : | |
| v. | : : | |
| INVESTOR QUALITY TITLE, LLC, a Utah limited liability company, | : : : | Case No. 2:10-cv-01056 |
| Defendant. | : : : : | Honorable Clark Waddoups Magistrate Judge Brooke C. Wells |

---

Defendant Investor Quality Title ("IQT") submits the following Reply

Memorandum in support of its Motion for Leave to Amend Answer raising two additional

affirmative defenses in this action.

## INTRODUCTION

Plaintiff has apparently dropped any opposition to amending the Answer to raise a mitigation of damages defense and focuses its entire Memorandum on the Eighth Defense relating to the Closing Protection Letter.  Its opposition to that defense is based entirely on the notion that, after an exhaustive review of the merits as we know them at this point, Plaintiff argues that the defense would be futile.  IQT disagrees.

## ARGUMENT

### THE EIGHTH DEFENSE RESPECTING THE CLOSING PROTECTION LETTER HAS SUBSTANCE AND IS NOT FUTILE AS THAT PHRASE IS UTILIZED IN RULE 15(A), FEDERAL RULES OF CIVIL PROCEDURE.

**The Futility Standard.**

The futility standard, when used in opposition to a motion to amend is normally applied when a plaintiff seeks to amend a complaint where the amendment on its face fails to state a claim.  Wright, Miller & Kane, *Federal Practice and Procedure*, § 1487 (2010). For example, in the Tenth Circuit case of Anderson v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 521 F.3d 1278 (10th Cir. 2008), the trial court denied a motion to amend a complaint because the plaintiff was repeatedly attempting to raise claims that were precluded as a matter of law under the SECURITIES LITIGATION UNIFORM STANDARDS ACT of 1998 ("SLUSA") which among other things placed a limitation on securities class action cases.  In addressing the proposed motion to amend, the trial court reasoned that no matter how the plaintiff attempted to dress up the claim it was a securities class action claim that was prohibited under SLUSA, and therefore denied the motion to amend as being futile.  This is the type of futility that Rule 15(a) contemplates.  What Plaintiff has

attempted in its Memorandum in opposition to this Motion to Amend is to delve into the relative merits or demerits of the defense by referring the Court to voluminous, extraneous evidence and urge the Court to rule on those merits in a motion to amend, ultimately determining that the defense will be futile.  This is not the futility standard the Rule contemplates.  Rather, even when the possibility of relief is remote, amendment to the pleadings must be permitted, since it is the *possibility* of success, not its likelihood, that guides the court's analysis when deciding whether to permit amendment of the pleadings.  Gallegos v. Brandeis School, 189 F.R.D. 256 (E.D. N.Y. 1999).  Normally the merits should not be considered in a motion to amend.  As noted in one case:

> "Under Rule 15(a) the discretion is exercised in favor of allowing the amendment for the reasons and on the grounds stated without consideration of the merit of the defense tendered beyond observing that it is not on its face frivolous."

Diapulse Mfg. Corp. of America v. Birtcher Corp., 221 F. Supp. 139, 141 (E.D. N.Y. 1963), *aff'd on other grounds*, 362 F.2d 736 (2nd Cir. 1966); *see also* Fox v. City of West Palm Beach, 383 F.2d 189 (5th Cir. 1967); Madison Fund, Inc. v. Denison Mines, Ltd., 90 F.R.D. 89 (S.D. N.Y. 1981).

Common sense suggests that a motion to amend is not the time to argue the merits of a particular claim or defense.  As in this case, the defense will be fleshed out with further discovery and possibly expert testimony.  Those aspects of this case are unfinished and must await completion of the remaining phases of this litigated case.  Were the situation otherwise, cases would not progress beyond the pleading phase.  Plaintiff's attempts to argue the merits in opposing this Motion are unavailing and inappropriate and should not be considered by the Court.

**Eighth Defense is Meritorious**.

The defense to IQT provided by the Closing Protection Letter is two-fold:  First, the claim against the underwriter, Attorneys Title Guaranty Fund ("ATGF"), is an obvious source of damage recovery that Plaintiff has apparently failed to pursue even though it paid for the Closing Protection Letter as a form of insurance.  Therefore, the existence of the letter and its obvious purpose bears on the companion mitigation of damages defense.

Secondly, the Letter sets up a standard of performance by IQT as the agent of ATGF that is different from the boilerplate, pre-printed closing instructions provided by Plaintiff.  Therefore, a fact question arises respecting which instructions IQT was expected to follow and whether the decision by Plaintiff to obtain a Closing Protection Letter modified the boilerplate instructions it was given by Plaintiff.  These are matters for the finder of fact, not to be decided at this stage in a motion to amend.

Plaintiff argues at great length that the Agency Agreement between IQT and ATGF on its face demonstrates that IQT has independent liability, thereby rendering the Closing Protection Letter superfluous.  What Plaintiff fails to appreciate is that the Closing Protection Letter is the exception to the general rule articulated in the Agency Agreement that the actions of IQT do not automatically bind ATGF.  The Closing Protection Letter is given on a case-by-case basis and agency authority is thereby granted selectively by ATGF.

IQT suggests to the Court that the Eighth Defense raises issues that a finder of fact is entitled to consider in the context of the other evidence in making its decision as to the impact and effect of the Closing Protection Letter on the boilerplate escrow instructions.

## CONCLUSION

The primary factor to consider on a motion to amend is whether the non-moving party is prejudiced by the amendment.  That is not even an issue in this Motion and the best Plaintiff could do was to transform the Motion into one for summary judgment, attach 42 pages of exhibits to its opposition, and then argue the merits.  Such is not the business of a motion to amend and the Court should not even consider the merits at this point in time.  The defense *on its face* raises issues that are entitled to be addressed to the finder of fact, namely mitigation of damages and conflicting instructions, and those matters that appear on the face of the defense are appropriate for consideration at trial.  Accordingly, the Motion to Amend should be granted.

DATED this __25th__ day of October, 2011.

**WILLIAMS & HUNT**

By    <u>/s/ George A. Hunt</u>
GEORGE A. HUNT
Attorneys for Defendant Investor
  Quality Title, LLC

227522.1

5

# AFFIDAVIT OF SERVICE

Mary C. Wardell, being duly sworn, says that she is employed in the law offices of Williams & Hunt, attorneys for Defendant, Investor Quality Title, LLC, herein; that she served the attached REPLY MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO AMEND ANSWER TO AMENDED COMPLAINT in Case No. 2:10-cv-01056 before the United States District Court for the District of Utah, Central Division, upon the parties listed below via CM/ECF filing and by placing a true and correct copy thereof in an envelope addressed to:

### Counsel for Plaintiff

Gary E. Doctorman
David K. Heinhold
PARSONS BEHLE & LATIMER
One Utah Center, Suite 1800
201 South Main Street
Salt Lake City, Utah 84111

and causing the same to be mailed first class, postage prepaid, on the __25th__ day of October, 2011.

/s/ Mary C. Wardell

201371.1