IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR AMTRUST BANK,<br><br>                    Plaintiff,<br>v.<br><br>INVESTOR QUALITY TITLE, LLC,<br>                    Defendant. | Memorandum Decision and Order Granting Motion for Leave to Amend Answer to Amended Complaint<br><br>Case No. 2:10-cv-1056<br><br>District Judge Clark Waddoups<br><br>Magistrate Judge Brooke Wells |

      Before the court is Defendant Investor Quality Title's Motion for Leave to Amend Answer to Amended Complaint.[1]  Defendant seeks to amend its pleading to include two additional affirmative defenses: (1) a failure to mitigate defense and (2) that Defendant is entitled to protections under the Attorneys' Title Closing Protection Letter (CPL).  Plaintiff does not object to the addition of the failure to mitigate defense, but does oppose Defendant's claim that it is entitled to protections under the Attorneys' Title CPL.[2]  The court therefore only addresses Defendant's motion as to the CPL defense.  As set forth below the court GRANTS Defendant's motion pursuant to Federal Rule 15(a)(2).

      Rule 15(a)(2) provides in relevant part that "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."[3]

      The scheduling order in this case sets a cut-off date of September 5, 2011, for adding additional parties or amending the pleadings and fact discovery ends on November 4, 2011.  In

---

[1] Docket no. 27.

[2] For convenience the court refers to this defense as the CPL defense.

[3] Fed. R. Civ. P. 15(a)(2) (2011) (all references to the federal rules are to the 2011 edition).

February of this year, pursuant to the parties' stipulation, Plaintiff filed an amended Complaint.[4] In September defense counsel sent a copy of the proposed Amended Answer to Plaintiff's counsel. The parties failed to reach a stipulation on the proposed Amended Answer and this motion followed.

Defendant argues that delay is not a problem here because this is the first time Defendant has sought to amend its pleadings and "is doing so because fact discovery thus far has disclosed circumstances, documentation and other evidence indicating that these defenses may be available to the Defendant to oppose the claims of Plaintiff."[5] Defendant further asserts there is no prejudice to Plaintiff. Finally, Defendant asserts that the CPL defense is not futile because the CPL defines the limits of liability between the parties and it complements the mitigation of damages defense.

In contrast, Plaintiff argues that the CPL defense is futile and therefore Defendant's motion should be denied. Plaintiff points to the plain language of the CPL and the Underwriting Agreement arguing that in interpreting these documents they do not support Defendant's proposed CPL's defense and make the defense futile.

The court is not persuaded by Plaintiff's arguments. Such arguments appear to be in the court's view better left for a motion for summary judgment rather than for a motion for leave to amend an answer. Accordingly, pursuant to Rule 15 the court finds Defendant's motion is timely, there is no undue prejudice and that on its face the defense is not futile. The court therefore GRANTS Defendant's Motion for Leave to Amend Answer to Amended Complaint.[6]

---

[4] Docket no. 13.

[5] Mem. in sup. p. 3.

[6] Docket no. 27.

DATED this 7 November 2011.

_____
Brooke C. Wells
United States Magistrate Judge